# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:11-cv-136-RJC

TERRANCE L. JAMES-BEY,      )
                                 )
       Petitioner,       )
                                 )
      v.                  )
                                 )     **ORDER**
STATE OF NORTH CAROILNA,    )
NORTH CAROLINA DEPARTMENT  )
OF CORRECTIONS, UNITED STATES )
CORPORATION,                 )
                                 )
       Respondents.     )
                                 )

      **THIS MATTER** is before the Court on Petitioner's Motion for Extension of Time to

Properly Prepare Argument, (Doc. No. 14), and Petitioner's Motion for Preparation of

Transcript. (Doc. No. 19).

      On January 12, 2012, the Court entered an Order dismissing Petitioner's Motion under 28

U.S.C. § 2254 for habeas relief. (Doc. No. 9). The Clerk of Court prepared a Judgment noting

the Order of dismissal and according to the Clerk of Court's docket entry on January 12, 2012,

the Order of dismissal and Judgment were served on Petitioner by United States Mail. (Doc. No.

10).

      On April 30, 2012, Petitioner filed a Motion for Extension of Time to Properly Prepare

Argument, (Doc. No. 14) (hereinafter "Motion to Reopen Time to File Appeal"), and a Notice of

Appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 15).[1] In his

---

     [1]Petitioner's Notice of Appeal was transmitted to the Fourth Circuit on May 1, 2012.
(Doc. No. 16).

Motion to Reopen Time to File Appeal, Petitioner contends that because his "mail has been continuously tampered with" he "was unaware of the January 12, 2012, Order" and he would therefore like an extension of time to file his appeal. (Doc. Nos. 14, 15 at 1).

"Ordinarily, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal." Gilda Indus. v. United States, 511 F.3d 1348, 1350 (Fed. Cir. 2008) (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); 20 James Wm. Moore, Moore's Federal Practice § 303.32[1] (3d ed. 1997). "That rule, however, does not extend to deficient notices of appeal. To the contrary, '[w]here the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.' " Id. (quoting Ruby v. Secretary of United States Navy, 365 F.2d 385, 389 (9th Cir. 1996) (en banc).

In the present case, Petitioner contends he did not receive in a timely fashion a copy of the Court's January 12, 2012 Order dismissing his case. Petitioner does not, however, indicate how the entry of the January 12, 2012 Order came to his attention or when. In Bowles v. Russell, the Supreme Court of the United States addressed this issue:

> According to 28 U.S.C. § 2107(a), parties must file notices of appeal within 30 days of the entry of judgment being appealed. District Courts have limited authority to grant an extension of the 30-day time period. . . . if certain conditions are met, district courts have the statutory authority to grant motions to reopen the time for filing an appeal for 14 additional days. § 2107(c). Rule 4 of the Federal Rules of Appellate Procedure carries § 2107 into practice. In accord with § 2107(c), Rule 4(a)(6) describes the district court's authority to reopen and extend the time for filing a notice of appeal after the lapse of the usual 30 days.

Bowles v. Russell, 551 U.S. 205, 207 (2007).

Federal Rule of Appellate Procedure 4(a)(6) provide as follows:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

In order to determine whether Petitioner can meet the requirements of Fed. R. App. P. 4(a)(6), the Court will direct Petitioner to provide documentation or argument to demonstrate on what date the Court's January 12, 2012 Order was brought to his attention, and by whom, and if he chooses, to provide further evidence or statement regarding his allegation that his mail is being tampered with. Petitioner is cautioned that he must address all of the requirements of Rule 4(a)(6) of the Federal Rules of Appellate Procedure, as listed above, and explain why his Motion to Reopen Time to File Appeal, (Doc. No. 14), should be granted.

Next, Petitioner moves the Court for Preparation of Transcript. (Doc. No. 19). In the Order of dismissal, the Court found after initially reviewing Petitioner's Section 2254 Petition that it must be dismissed because it was plain that Petitioner was entitled to no relief. Because the Court found that Petitioner's Section 2254 Petition should be summarily denied there were no hearings, and there are therefore no transcripts to prepare. Petitioner's Motion for a transcript will be denied.

**IT IS, THEREFORE, ORDERED** that:

1.     Ruling on Petitioner's Motion for Extension of Time to Properly Prepare Argument, (Doc. No. 14), will be **DEFERRED** until Petitioner provides the following information: <u>Petitioner shall provide information on the date he learned about the January 12, 2012 Order, and from whom, and Petitioner may provide additional information on his allegation that his mail is being tampered with in his correctional institution. Petitioner shall provide this information within fourteen (14) days from entry of this Order. Petitioner is cautioned that he must be able to address all of the elements of Rule 4(a)(6) of the Federal Rules of Appellate Procedure as listed above, and explain why his Motion to Reopen Appeal should be granted.</u>

2.     Petitioner's Motion for Preparation of Transcript, (Doc. No. 19), will be **DENIED.**

Signed: May 18, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

4