UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-136-RJC

| | |
|---|---|
| TERRANCE L. JAMES-BEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| STATE OF NORTH CAROLINA, ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF CORRECTIONS, UNITED STATES ) | |
| CORPORATION, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion for Extension of Time to Properly Prepare Argument, (Doc. No. 14); and Petition for Reconsideration and Evidentiary Hearing, (Doc. 21).

**I.    BACKGROUND**

On January 12, 2012, the Court entered an Order dismissing Petitioner's Motion under 28 U.S.C. § 2254 for habeas relief. (Doc. No. 9). The Clerk of Court prepared a Judgment noting the Order of dismissal and mailed it to Petitioner, along with a copy of the Court's Order, on January 12, 2012. (Doc. No. 10).

On April 30, 2012, Petitioner filed a Motion for Extension of Time to Properly Prepare Argument, (Doc. No. 14) (hereinafter "Motion to Reopen Time to File Appeal"), and a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 15).[1] In his

---

[1] Petitioner's Notice of Appeal was transmitted to the Fourth Circuit on May 1, 2012. (Doc. No. 16).

1

Motion to Reopen Time to File Appeal, Petitioner asserted that because his "mail has been continuously tampered with" he "was unaware of the January 12, 2012, Order" and he would therefore like an extension of time to file his appeal. (Doc. Nos. 14, 15 at 1).

On May 18, 2012, the Court entered an Order setting forth the grounds upon which the Court could reopen the time for filing an appeal, and directed Petitioner to provide the Court with any information which could support his Motion to reopen the time for notice of appeal. (Doc. No. 20). The Court was unaware when it entered this Order that Petitioner had also mailed the Clerk of Court a Petition for Reconsideration and Evidentiary Hearing regarding the Court's January 12th Order. (Doc. No. 21). The Clerk's Docket Sheet reflects that although the motion was reportedly filed on May 10, 2012, it was not actually docketed until May 29, 2012.[2]

## II.   DISCUSSION

### A.   Reopening the Time to File an Appeal

Petitioner contends that on April 19, 2012, he received a filed copy of a document he mailed to the Clerk of Court titled, "Affidavit of Fact," along with a "CM/ECF-LIVE DATABASE - NCWD print out." (Doc. No. 22, at 1-2). Petitioner states that this was the first time he learned that his Section 2254 Petition had been dismissed. Thus, Petitioner informs the Court that he had no knowledge that his case had been closed until April 19, 2012. The Court finds that Petitioner did not receive notice of the entry of the judgment or order until April 19, 2012. The Court notes that its January 12, 2012 submission of its Order and Judgment dismissing Petitioner's habeas petition was returned to sender on February 6. (Doc. No. 12). Someone wrote on the envelope that this occurred because "Inmate refused to sign for legal

---

[2]The envelope which contained the Motion to Reconsider is postmarked May 23, 2012. See Doc. 21-3.

2

Case 1:11-cv-00136-RJC   Document 23   Filed 06/25/12   Page 2 of 5

mail." (Id.). But because the respondents were never served in this action they have not answered Petitioner's motion or otherwise contradicted his account of his lack of knowledge. The Court finds that the record before it shows that Petitioner was unaware that his petition had been dismissed until April 19, 2012.

The Court may reopen Petitioner's time to appeal if he makes a motion to do so within 14 days of the date he received notice of the entry of judgment and within 180 days of the judgment being entered. FED. R. APP. P (4)(a)(6)(A). Plaintiff filed the instant motion 11 days after receiving notice that his case was dismissed and 109 days after the Court entered its order. The respondents were never served in this action and would not be prejudiced by reopening Petitioner's time for appeal. Petitioner's Motion to Reopen Time to File Appeal, (Doc. No. 14), is **GRANTED**. Petitioner has fourteen (14) days from the date of this Order within which to file another notice of appeal from this Court's January 12th Order and Judgment dismissing his case. (Doc. Nos. 9; 10).

  B. <u>Petition for Reconsideration</u>

Petitioner filed a Petition for Reconsideration and Evidentiary Hearing, (Doc. No. 21), in May 2012. The Court construes Petitioner's motion as a Rule 60(b) motion because it was filed more than 28 days after the Court entered judgment. <u>In re Burnley</u>, 988 F.2d 1, 2-3 (4th Cir. 1992) (construing a motion for reconsideration as a Rule 60(b) motion rather than one under Rule 59 where the motion is filed after the time to file a Rule 59 motion has passed); FED. R. CIV. P. 59(c) (now providing 28 days within which to file a Rule 59 motion). But "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to "evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." <u>United</u>

3

Case 1:11-cv-00136-RJC   Document 23   Filed 06/25/12   Page 3 of 5

States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).[3] The Fourth Circuit has provided some guidance on when a purported 60(b) motion must be considered a successive habeas application:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Id.

Petitioner's motion re-argues that North Carolina lacked jurisdiction over him and asserts new arguments based on how the State indicted him. (Doc. No. 21). Therefore, his motion is properly treated as a successive habeas application and must be dismissed for his failure to seek prior authorization from the Fourth Circuit. Petitioner's Petition for Reconsideration and Evidentiary Hearing, (Doc. No. 21), is **DISMISSED**.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Reopen the Time to File an Appeal, (Doc. No. 14), is **GRANTED**;

2. Petitioner's Petition for Reconsideration and Evidentiary Hearing, (Doc. No. 21), is **DISMISSED**;

3. Petitioner has fourteen (14) days from the date of this Order within which to file

---

[3] "Before a second or successive [habeas] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A).

another notice of appeal from this Court's January 12th Order and Judgment dismissing his case. (Doc. Nos. 9; 10); and

4. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 25, 2012

_____
Robert J. Conrad, Jr.
Chief United States District Judge