UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-136-RJC

| | |
|---|---|
| TERRANCE L. JAMES-BEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| STATE OF NORTH CAROLINA, ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF CORRECTIONS, UNITED STATES ) | |
| CORPORATION, ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** is before the Court on the Petitioner's 60(b) Motion for Relief from Judgment. (Doc. No. 29).

The Court dismissed Petitioner's 2254 petition on January 12, 2012. (Doc. No. 9). Petitioner filed a Petition for Reconsideration and Evidentiary Hearing, (Doc. No. 21), in May 2012. In his motion, Petitioner re-argued that North Carolina lacked jurisdiction over him and improperly indicted him. The Court treated the motion as a successive habeas application and dismissed for his failure to seek prior authorization from the Fourth Circuit. (Doc. No. 23); see also United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application . . . a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his

1

conviction or sentence."); 28 U.S.C. § 2244(3)(A) ("Before a second or successive [habeas] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Petitioner then filed another post-judgment motion re-arguing his case. (Doc. No. 24). The Court again treated Petitioner's motion as a successive habeas application and dismissed for his failure to seek prior authorization from the Fourth Circuit.

Petitioner has now filed another 60(b) motion in which he argues that the Court ignored his improper indictment claim and that the Court wrongfully characterized his Petition as stating only a single claim based on lack of jurisdiction over him as a "Moorish-American national with permanent character." (Doc. No. 29). Petitioner's fourth paragraph of his Petition argues that the state court "illegally usurped jurisdiction over the allodial being of a sovereign indigenous Moorish American national" and that it issued "a fatally defective and blank indictment which fraudulently represented plaintiff as an artificial, nom de guerre, corporate-person, retaining no legal rights, and subsequently adjudicated a statutory offense without due notice nor subject-matter or personal jurisdiction." (Doc. No. 1 at 4). To the extent that this argument is different from Plaintiff's contention that the state court lacked jurisdiction over him, it is dismissed for the same reasons set forth in this Court's January 12, 2012 Order. (Doc. No. 9 at 1-2). Petitioner's 60(b) Motion for Relief from Judgment, (Doc. No. 29), is **DENIED**.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's 60(b) Motion for Relief from Judgment, (Doc. No. 29), is **DENIED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge